IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRYSTAL SANDERS, | § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 3-09 CV-0307-P |
| DALCRAFT, LLC, d/b/a Craft, Dallas | § § § | |
| Defendant. | § | |

## PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER, REQUEST FOR EXPEDITED HEARING, AND SUPPORTING BRIEF

TO THE HONORABLE JORGE A. SOLIS:

### I. OVERVIEW

Defendant filed a Notice of Intention to Take Deposition by Written Questions to Plaintiff's past and current employers, namely: **All State Promotions, Red Bull North America, Corvette Warehouse, L.L.C., and Denym & Diamonds.** Plaintiff, Crystal Sanders, respectfully requests expedited treatment of this motion because time is of the essence. These depositions seek the production of personnel, medical, insurance, worker's compensation, and physical records which are of a highly personal nature, will not lead to the discovery into any relevant matter, and are not reasonably calculated to lead to the discovery of admissible evidence. Sanders brings these Objections and Motion to Quash, pursuant to Rule 45(c)(3)(B), Federal Rules of Civil Procedure, and Motion for Protective Order, pursuant to Rule 26(c), Federal Rules of Civil Procedure, and respectfully shows the following in support. Plaintiff requests that this Court grant this Motion in its entirety.

## II. SUMMARY

1. Sanders has brought suit against Defendant, her former employer, alleging sex discrimination, sexual harassment, and retaliation in violation of Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE § 21.001 *et seq.* In response to Defendant's discovery requests, Sanders provided information in response to Defendant's interrogatories, including information related to the limited earnings she has made after Defendant terminated her employment on June 9, 2008.

2. Shortly thereafter, Defendant notified Sanders on April 28, 2009, that it intends to issue four subpoenas seeking broad categories of irrelevant information from former and current employers. (See Exhibit A).

3. In the subpoenas Defendant requested : "**all personnel records, application for employment, records relating to days absent, correspondence or memoranda, records of reviews or promotions, workers compensation, insurance, pre/post-employment physicals, medical records, and any and all personnel records contained in your offices(s) pertaining to the employment of Crystal Sanders.**" Defendant served this subpoena duces tecum upon Sanders' current employers: All State Promotions and Red Bull North America. Defendant also served the request upon two former employers: Corvette Warehouse, L.L.C. and Denym & Diamonds.

## III. ARGUMENT AND AUTHORITIES

4. Plaintiff is a person affected by the subpoena, which is overly broad, unduly burdensome, and is not likely to lead to the discovery of admissible evidence. The subpoenas are a fishing expedition by Defendant and are invasive of Plaintiff's privacy rights. Plaintiff objects to the subpoena duces tecum, attached hereto as Exhibit A, under Rule 45(c)(3)(B), and requests

the Court enter an order quashing the subpoenas. Additionally, Plaintiff seeks protection from the annoyance, *embarrassment*, and oppression that production of the requested documents would cause, pursuant to Federal Rule of Civil Procedure 26(c).

5.   The requested information is completely irrelevant to any claim or defense in this case and is unlikely to lead to the discovery of admissible evidence. The requests amount to no more than a fishing expedition, and the Court should prohibit Defendant from obtaining this discovery pursuant to Fed. R. Civ. P. 45(c)(3), Fed.R.Civ.P.33(b)(1). (*EEOC v. Renaissance III Organization*, 2006 WL 832504 (2006 N.D. Tex.))(court grants motion to quash when defendant subpoenas past employer for "all files, employment and/or personnel records, payroll and/or earning records, insurance records, worker's compensation records, correspondence, and any other tangible documents").

6.   The Fifth Circuit considers the following factors to determine whether a subpoena presents an undue burden: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D.Tex.,1998). In the present case, Defendant has failed to show a true need for the documents. Defendant's request also lacks relevance and specificity as it fails to name explicit documents and state a definite time period.

7.   Sanders has not worked for two of the employers (Corvette Warehouse and Denym and Diamonds) in almost one year. In addition, Corvette Warehouse and Denym and Diamonds were short-term modeling jobs. It is doubtful that the records Defendant is seeking even exist because of the nature of Plaintiff's employment. These facts were apparent from

Plaintiff's interrogatory response; which leads one to believe that this is not a legitimate request and Defendant is truly seeking to harass and embarrass Plaintiff.

8. This case involves mistreatment on one job, yet the Defendant asks for all documents maintained by the Plaintiff's current and past employers. The Defendant's subpoena serves to embarrass Plaintiff and give her current employer notice of a lawsuit against a past employer. Defendant also seeks to pry into plaintiff's affairs looking for dirt. Among the requests for information, for example, is **"any and all personnel records contained in your offices(s) pertaining to the employment of Crystal Sanders."** The Northern District has specifically held that this type of language is facially overbroad. "Undue burden can be found when a subpoena is facially overbroad." *Williams v. City of Dallas*, 178 F.R.D. 103, 110 (N.D.Tex.,1998).

9. Sanders further objects to the request in that Defendant has listed Plaintiff's social security number and her date of birth on each and every request. Defendant has carelessly and recklessly divulged Sander's personal information and subjected her to the threat of identity theft. Defendant could have easily made this request without divulging Sander's entire social security number. There is no telling who will have access to this subpoena before it reaches the appropriate party. It is obvious that Defendant is attempting to further retaliate against Sanders for pursuing her legal rights.

10. Plaintiff respectfully requests an expedited ruling on this matter. Pursuant to Defendant's subpoenas, All State Promotions, Red Bull North America, Corvette Warehouse, L.L.C., and Denym & Diamonds must respond within two weeks of receiving Defendant's request. Time is of the essence because May 12, 2009 is the deadline. Plaintiff requests a swift hearing on the merits of this Motion to preserve her privacy and other rights under the law.

## III. CONCLUSION AND PRAYER

WHEREFORE, because the information is irrelevant, Sanders prays that the Court set this matter for hearing as soon as possible and grant this Motion in its entirety, prohibiting Defendants from obtaining these records from current and former employers.

Respectfully submitted,

GILLESPIE, ROZEN, WATSKY & JONES, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
Phone: (214) 720-2009
Fax:   (214) 720-2291


By: /s/   David K. Watsky
        David Watsky (attorney-in-charge)
        State Bar Number 20932600
        Tiffany Alvoid
        State Bar Number 24057743

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

  I called and left a message for opposing counsel on May 4, 2009. I explained in the voice message that I planned to file a Motion to Quash the subpoenas. At the time of this filing, opposing counsel had not yet returned my phone call. As of this time, I assume that this motion is opposed. If that changes, I will promptly notify the Court.

                /s/ David K. Watsky
                David Watsky

## CERTIFICATE OF SERVICE

This is the certify that on May 4, 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to the following counsel for Defendant, ECF registrants.

                /s/ David K. Watsky
                David Watsky