IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRYSTAL SANDERS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-0307-P |
| | § | |
| DALCRAFT, LLC | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Plaintiff Crystal Sanders has filed a motion to quash and for protective order in connection

with four Rule 31 notices of intention to take depositions by written questions served by defendant

in this Title VII sexual harassment and retaliation case.  Two of the deposition notices are directed

to plaintiff's former employers--Denym & Diamonds and Corvette Warehouse, LLC.  The other two

notices are directed to plaintiff's current employers--All State Promotions and Red Bull North

America.  All four deposition notices seek the following documents pertaining to plaintiff:

> any and all personnel records, application for employment, records
> relating to days absent and/or time lost, correspondence and/or
> memoranda, records relating to reviews and/or promotions, workers'
> compensation records and/or claims, insurance records and/or claims,
> pre-employment physical(s), post-employment physical(s), post-offer
> physical(s), [and] medical records[.]

(Plf. Mot., Exh. A).  After the motion was filed, the court ordered the attorneys to confer by

telephone or in person in an attempt to resolve or narrow this discovery dispute.  As a result of that

conference, defendant agreed to modify its document request and plaintiff agreed not to oppose the

production of certain employment records.[1]  However, no agreement was reached with respect to the

---

[1] Plaintiff has agreed not to oppose modified deposition notices for the production of documents pertaining to:  (1) the dates of her employment; (2) earnings information, including payroll records and W-2 forms; and (3) attendance records.  (*See* Jt. Stat. Rep. at 3).

production of: (1) employment applications; (2) position descriptions; (3) disciplinary records; (4) resignation letters; and (5) discharge or termination documents. (*See* Jt. Stat. Rep. at 3). The parties have briefed their respective positions in a joint status report filed on May 14, 2009, and the motion is ripe for determination.

Rule 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). The information sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* As the party seeking discovery, defendant must establish this threshold burden. *See E.E.O.C. v. Renaissance III Organization*, No. 3-05-CV-1063-B, 2006 WL 832504 at *1 (N.D. Tex. Mar. 30, 2006) (Kaplan, J.), *citing Vardon Golf Co., Inc. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 650 (N.D. Ill. 1994) ("To place the burden of proving that the evidence sought is not reasonably calculated to lead to the discovery of admissible evidence on the opponent of discovery is to ask that party to prove a negative. This is an unfair burden, as it would require a party to refute all possible alternative uses of the evidence, possibly including some never imagined by the proponent."). Once defendant establishes that the documents requested are within the scope of permissible discovery, the burden shifts to plaintiff to show why discovery should not be permitted. *See Spiegelberg Manufacturing, Inc. v. Hancock*, No. 3-07-CV-1314-G, 2007 WL 4258246 at *1 (N.D. Tex. Dec. 3, 2007) (Kaplan, J.) (citing cases).

Defendant argues that it is entitled to documents from plaintiff's former employers, including employment applications, position descriptions, periods of employment, and reasons for leaving prior employment, to verify the information provided by plaintiff in her application for employment with defendant. According to defendant, such documents are relevant to a possible after-acquired evidence defense, which may limit the relief available to an employee based on evidence of

wrongdoing uncovered during discovery. (*See* Jt. Stat. Rep. at 5-6, *citing McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995)). While recognizing this defense, the Supreme Court also cautioned that employers should not, as a routine matter, undertake extensive discovery into an employee's background or performance to resist claims of discrimination. *Id.*, 115 S.Ct. at 887. Courts generally agree that the after-acquired evidence defense "cannot be used to pursue discovery in the absence of some basis for believing that after-acquired evidence of wrong-doing will be revealed." *Chamberlain v. Farmington Savings Bank*, No. 3-06-CV-01437 (CFD), 2007 WL 2786421 at *2 (D. Conn. Sept. 25, 2007); *see also Shirazi v. Childtime Learning Center*, No. CIV-07-1289-C, 2008 WL 4792694 at *2 (W.D. Okla. Oct. 31, 2008); *Maxwell v. Health Center of Lake City, Inc.*, No. 3-05-CV-1056-J-32MCR, 2006 WL 1627020 at *5 (M.D. Fla. Jun. 6, 2006). Here, there is no indication that plaintiff made any false or misleading statements to defendant in her employment application, or that the employment applications and position descriptions requested from plaintiff's former employers will reveal evidence of wrongdoing. Instead, these document requests amount to nothing more than a fishing expedition. *See Renaissance III Organization*, 2006 WL 832504 at *1 (quashing subpoena for "wholesale production of confidential employment records" in a Title VII case).

Nor is defendant entitled to disciplinary records and discharge or termination documents from plaintiff's former employers. Defendant argues that these documents "may show performance deficiencies similar to those relied upon by Craft to justify the termination." (Jt. Stat. Rep. at 6). However, "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith[.]" *Chamberlain*, 2007 WL 2786421 at *3, *quoting* FED. R. EVID. 404(a) (quashing subpoena served on plaintiff's former employer when the defendant sought "to discover evidence of the plaintiff's performance history in order to show that he has a propensity

for certain performance deficiencies"); *see also Ireh v. Nassau Univ. Medical Center*, No. CV-06-09 (LDW) (AKT), 2008 WL 4283344 at *5 (E.D.N.Y. Sept. 17, 2008) (same). Although the court might be inclined to allow the discovery of prior employment records showing that plaintiff was disciplined for adding tips for herself to customer bar tabs--the reason given by defendant for terminating plaintiff (*see* Jt. Stat. Rep. at 4)--the deposition notices to plaintiff's former employers are not so limited. Without some evidence to suggest that plaintiff was disciplined by her former employers for conduct similar to the reasons proffered by defendant for her termination, defendant is not entitled to these confidential employment records in hopes of uncovering some evidence that may possibly be used against plaintiff at trial.

The court reaches the same conclusion with respect to employment applications, position descriptions, disciplinary records, resignation letters, and discharge or termination documents from plaintiff's current employers. The only justifications offered by defendant for the production of these records are to negate pretext and to show that plaintiff failed to mitigate her damages. (*See id.* at 7-9). However, for reasons previously discussed, a discovery request not limited to uncovering evidence of wrongdoing similar to the conduct for which plaintiff was terminated by defendant is overly broad. Nor are these employment records relevant to the issue of mitigation. Because plaintiff continues to work for All State Promotions and Red Bull North America, defendant does not have a viable argument that plaintiff has failed to seek or retain comparable alternate employment. Likewise, the speculative assertion that plaintiff's disciplinary records may reveal that she lost a promotion or advancement opportunities is not enough to justify this discovery.

For these reasons, plaintiff's motion to quash and for protective order [Doc. #7] is granted. Except as otherwise agreed to by the parties, the notices of intention to take depositions by written questions served on Denym & Diamonds, Corvette Warehouse, LLC, All State Promotions, and Red

Bull North America are hereby quashed.  Defendant may request only the following records from plaintiff's former and current employers:  (1) the dates of plaintiff's employment; (2) information pertaining to plaintiff's earnings, including payroll records and W-2 forms; and (3) records relating to time-off that plaintiff has taken from work.

      SO ORDERED.

      DATED:  May 18, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE